## R. H. RUE v. THE MISSOURI PACIFIC RAILWAY COMPANY.

### No. 5654.

1. **Illegal Contract—Corporation Affected by Laws of State Creating it.—** Appellant was stock agent of the defendant company, and a contract was made with him by the general manager of the railway company leasing him certain stock yards along the line of the railway for the defendant company, and belonging to it, promising compensation to plaintiff for loading and unloading stock at the leased yards, and for his furnishing forage for cattle at such yards, from which much profits accrued. The defendant company before the expiration of said contract took possession of one of the stock yards, discontinuing the others. In suit for damages for the breach of the contract, *held:*

1. While the general manager of the railway had the power to control the stockyards on its line, still from such control the power to lease them could not be inferred.

2. The railway company having its charter from the State of Missouri is affected as to its powers by the general laws of that State defining and limiting the powers of corporations created by that State.

3. Inasmuch as under the statutes of Missouri an employe of a railway company is forbidden being interested in the business of a common carrier, such contract was forbidden by law and was void.

2. **Ratification.**—No ratification of an unlawful contract can be inferred from the subsequent acts of the parties under it.

APPEAL from Grayson.   Tried below before Hon. Richard Maltbie.
The opinion states the case.

*Hare & Head*, for appellant. — 1.   The appointment in writing of A. A. Talmage as "general manager," coupled with the proof that this gave him full control of the yards, is a sufficient compliance with the statute requiring the appointment of the agent to be in writing.   The evidence of authority in Talmage to make the contract, and of subsequent ratification by defendant, was not only sufficient to require its admission in evidence but was so full and convincing as to absolutely require a finding in favor of plaintiff.   Collins & Douglass v. Cooper, 65 Texas, 460; H. & T. C. Ry. v. Chandler, 51 Texas, 416; T. & P. Ry. v. Nicholson, 61 Texas, 491; Wood on Land. and Ten., secs. 137–42, 200; Wood on Mast. and Serv., sec. 269, and note; 1 Wood's Ry. Law, sec. 162; Boone on Corp., sec. 256; 2 Redf. on Rys., 129–31; Ecker v. Railway, 1 Am. and Eng. Ry. Cases, 357; Railway v. Giles, 23 L. J. (N. S.), 2, reported at length in Wood on Mast. and Serv., 660–65; Conley v. Railway, 44 Texas, 579; Henderson v. Railway, 17 Texas, 560; Reese v. Medlock, 27 Texas, 120; 1 Pars. on Con., 52; Jackson v. Murray, 17 Am. Dec., 53, note; Ang. & Ames on Corp., 283, 284; Scott v. Railway, 4 Am. and Eng. Ry. Cases, 114.
On leases by corporations.   Tayl. on Land. and Ten., secs. 126–29. By Agents, Ib., 137, 138.

2.   A contract may be ratified by parol, even though authority to make it was required to be in writing.   Reese v. Medlock, 27 Texas, 120; 1 Pars. on Con., 52.

3.   Contracts entered into by a corporation are presumed to be within its corporate powers, and the burden is on him who alleges the contrary to prove it by evidence.   Indianola v. Railway, 56 Texas, 602–5; Pierce on Rys., 499, 502, 516, 519; 1 Wood's Ry. Law, 537–40; Boone on Corp., 43.

4.   It is not against public policy for a railroad to contract with other parties to run the eating houses for their passengers or feed yards for their stock.   Railway v. Dawson, 62 Texas, 260; Railway v. Robards, 60 Texas, 545; 1 Wood's Ry. Law, 537–40; 2 Suth. on Dam., 250, 492.

*R. C. Foster* and *A. E. Wilkinson*, for appellee. — 1. The appointment of A. A. Talmage as general manager of defendant's railway did not give him authority to execute the lease of its stock yards for a term of five years.   Luse v. Ry., 6 Ore., 125; 25 Am. Rep., 506; Walworth

Bank v. Farmers Co., 14 Wis., 325; Packet Co. v. Mfg. Co., 37 Am. Dec., 203; Tennessee v. McMinnville, 4 Am. and Eng. R. R. Cases, 95; Boone on Corp., sec. 132; Pierce on Rys., 32, 34, 35; Stow v. Wise, 18 Am. Dec., 101, and notes in 23 Id., 740–48; 24 Id., 66; Hoyt v. Thompson, 5 N. Y., 320.

2. The lease was not binding on defendant because not authorized as directed by the statutes of Missouri, from which defendant's power to contract was derived and by which it was limited. Rev. Stats. of Mo., sec. 790; Salem Bank v. Gloucester Bank, 9 Am. Dec., 116; Matthews v. Skinner, 62 Mo., 331; Field on Corp., secs. 33, 34; Black v. Canal Co., 22 N. J. Eq., 422.

3. The lease was not binding on defendant because unlawful, contrary to public policy, and beyond the power of the corporation to make. Rev. Stats., arts. 284, 2411; McDonell v. Railway, 60 Texas, 591; Ry. Co. v. Robards, 60 Texas, 545; City of Brenham v. Becker, W. & W. C. C., sec. 1243; Thomas v. West Jersey Ry. Co., 101 U. S., 71; Pierce on Rys., 496–512; Boone on Corp., sec. 268; 25 Am. Rep., 671; A. & P. Tel. Co. v. U. P. Ry. Co., 1 McCrary, 541; Ry. Co. v. Coal Val. Min. Co., 2 Am. Ry. Rep., 297–303.

4. The lease was invalid because, being made to an employe of the company, who thereby became interested in furnishing supplies and in the business of transportation of live stock over defendant's road, it was contrary to public policy and prohibited by the laws of Missouri, from which defendant's power to contract was derived and by which it was limited. 61 Texas, 203; Matthews v. Skinner, 62 Mo., 331.

5. The instrument sued on (a lease of real property in Texas for a term of five years by one purporting to act as agent) not being binding on defendant for want of written authority to the agent to execute it, as required by the statute, ratification of such act to be effectual must be in writing, and if the act of ratification relied on be itself the act of an agent the authority of such agent to lease or ratify must also be in writing. Videau v. Griffin, 21 Cal., 390; Dispatch Line, etc., v. Bellamy Mfg. Co., 12 N. H., 205; Tennessee v. McMinnville, 4 Am. and Eng. Ry. Cases, 95; Ragan v. Chenault, 78 Ky., 545; Town of Durango v. Pennington, 7 Am. and Eng. Corp. Cases, 590; Zottman v. San Francisco, 20 Cal., 102; McCracken v. San Francisco, 16 Cal., 591; Whart. on Agency, secs. 83, 53; Story on Agency, sec. 242; Stetson v. Patton, 11 Am. Dec., 111, and note; Smith v. Dickinson, 44 Am. Dec., 606, and note; Turbeville v. Ryan, 34 Am. Dec., 622, and note; Blood v. Goodrich, 9 Wend., 68; Hanford v. McNair, 9 Wend., 54; McDowell v. Simpson, 3 Watts, 129; Parish v. Koons, 1 Pars. Eq., 95; Gill v. Phillips, 6 Martin (N. S.), 302; Haydock v. Stow, 40 N. Y., 371.

6. The acts relied on are not sufficient to constitute ratification, if parol ratification were sufficient. Koplitz v. Gustavus, 48 Wis., 48;

Schuyler v. Leggett, 2 Cowan, 660; People v. Rickert, 8 Cowan, 226; Larkin v. Avery et al., 23 Conn., 304; 12 Wheat., 71; Ogd. & L. C. Ry. v. Vt. & C. Ry., 4 Hun, 712; S. C. 63 N. Y., 176; McDowell v. Simpson, 3 Watts, 129.

7.   The acts relied on, if otherwise sufficient, would not constitute ratification unless made with knowledge of all material facts, including the facts of J. S. Talmage's interest, and also of the terms of the contract and of its invalidity.   Vincent v. Rather, 31 Texas, 91; City of Laredo v. McDonnell, 52 Texas, 512; Reese v. Medlock, 27 Texas, 143; Cumberland & Co. v. Sherman, 20 Md., 117.

ACKER, JUDGE.—In the spring of 1881 appellant entered into a parol contract with Hill, the general freight agent of appellee, to become stock agent for appellee at a salary of $2000 a year, and to lease from appellee its stock yards at Vinita and Muscogee, in the Indian Territory, and at Denison and Gainesville, in Texas, for a term of five years at the annual rental of $800 per year, payable quarterly in advance, appellee to pay him one dollar a car for loading and unloading stock, he to furnish forage for the stock, to be charged against shippers, collected by appellee, and paid to him.   A. A. Talmage, general manager of appellee's road, was in Denison when the contract was entered into between Hill and Rue, and assented to it.   Appellant immediately entered upon the performance of his duties under the contract, both as stock agent and lessee of the yards, and soon thereafter made a contract with J. S. Talmage, brother of A. A. Talmage, by which J. S. Talmage became the owner of two-thirds interest in the stock yards contract.   On June 1, 1881, that part of the contract relating to the lease of the stock yards was reduced to writing and executed in the city of St. Louis, Missouri, by being signed "the Missouri Pacific Railway Company by A. A. Talmage, general manager," and R. H. Rue, J. S. Talmage not appearing to be a party to the contract.

Appellant continued to operate the stock yards under his lease, paying rent and receiving pay for his services from appellee until in February, 1883, when he received notice from appellee to surrender the yards.   Appellant refused to obey this notice and continued to run all the yards until May, 1883, when appellee took forcible possession of the Denison yards and discontinued all business at the Vinita yards.   Appellant continued in possession of all yards named in the contract except the Denison yards, and continued to operate them down to the time of the trial, and was paid by appellee for his services according to the contract, but appellee refused to receive from appellant the rents due on the contract after it took possession of the Denison yards.   This suit was brought by appellant to recover damages for breach of the contract of lease by depriving

him of the Denison yards and discontinuing the business at the Vinita yards.

The stock yards were the property of the Missouri, Kansas & Texas Railway Company, appellee being lessee of the railroad, property, and franchises of that company. A. A. Talmage was appointed general manager of the Missouri, Kansas & Texas Railway Company on December 1, 1880, and continued in the same position for appellee when the road came into its hands. Appellant ceased to be stock agent in October, 1882.

The written contract of lease executed on June 1, 1881, was offered in evidence by appellant, and was objected to by appellee on the following grounds:

"Because said instrument is not shown to have been executed by defendant or by any one by it thereunto lawfully authorized, and because it is not shown to have been executed by any one authorized thereunto by writing; because it does not appear to have been executed by an officer authorized by law, and is not under the corporate seal, and no authority from defendant for its execution is shown; and because the acts shown and relied on as acts of ratification thereof were not done by any person shown to have authority to ratify said instrument; and because said acts were not shown to have been done by any person authorized by writing to ratify the same, nor by any person having authority to ratify the same given by said corporation or its stockholders, or by its board of directors, nor with any knowledge on the part of said stockholders, nor of said directors or any one representing said corporation, of the existence or terms of said lease; and because such acts were not in themselves sufficient to constitute a ratification under the circumstances under which they were done; and because said lease is unlawful, beyond the power of the corporation to make, contrary to public policy, and void."

The objection was sustained, the lease excluded, and judgment rendered for appellee.

It does not appear from the findings of the court whether the objection was sustained upon a part only or all of the grounds stated. If any one of these grounds was sufficient to support the objection, then the ruling of the court must be sustained. Under the view we entertain of the law of the case it is not necessary to consider all of them.

It is contended by appellant that the appointment of A. A. Talmage to the position of general manager, together with the control exercised by him over the stock yards by virtue of his office, conferred upon him authority to make the lease.

Article 548 of our statutes provides that no estate of inheritance or freehold, or for a term of more than one year, in lands and tenements, shall be conveyed from one to another unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing. The

lease being for a term of more than one year, to be valid must have been executed by appellee or by its agent thereunto authorized by writing.

There is no pretense that Talmage ever had any express authority, by resolution of the board of directors or otherwise, to make the lease. We understand the word "thereunto," used in the statute quoted, to mean unto this or that—that is, the particular thing done.

We do not think the power to control and manage the yards, which were necessary appurtenances to carrying on the business of common carrier of stock, carried with it the power to dispose of the yards by leasing them and turning over their management and control to another.

Appellee owes its existence to the Constitution and laws of the State of Missouri, under and by virtue of which it obtained its being and from which it derived all its powers. Natural persons may make any contract or perform any act not prohibited by law, while artificial persons, corporations, can do only those things which by express grant or necessary implications they are authorized or empowered to do by the State under which their charters were obtained.

The laws of Missouri, section 818 of the Revised Statutes, provides that no president, director, officer, agent, or employe of any railroad corporation operating a railroad shall hereafter be interested in any manner, directly or indirectly, in furnishing materials or supplies to such company; nor shall any such officer, agent, or employe of any railroad company or other corporation owning, controlling, or managing a railroad be interested directly or indirectly in the business of transportation as a common carrier of freight or passengers over the works owned, leased, controlled, or operated by the corporation of which he is an officer, agent, or employe. That appellant was the stock agent and employe of appellee at the time the contract of lease was executed there is no controversy. It is equally clear to us that by the terms of the contract he became interested in furnishing supplies (forage for live stock) to appellee, and that he also became interested in the business of transportation as common carrier over the roads operated by appellee.

Under the law appellee as common carrier was bound to transport live stock and to furnish forage for their sustenance. The forage so furnished by appellant was furnished to the company, and the supplying of forage was an indispensable part of the business of common carrier of that kind of freight. Had the contract been entered into by the president and secretary of the company after resolution adopted by the board of directors authorizing them to make it, and had it been executed with strict observance of all formalities, it would have been void, because it was prohibited by the laws of the State from which appellee derived its existence and powers. Story on Conf. Laws, 174, 175, note a; Matthews v. Skinner, 62 Mo., 331; Black v. Canal Co., 22 N. J. Eq., 422.

We think this statute of Missouri a wise and beneficial law, and that it

applies to all corporations chartered under the laws of that State, without regard to whether the prohibited contract is to be performed within or without that State.

We think it wholly immaterial whether the instrument be called a lease or a contract. It was prohibited by the laws of Missouri, to which those dealing with appellee must look to see what contracts it could make.

No acts of ratification can validate or make effective that which is void.

We deem it unnecessary to consider other questions presented. We are of opinion that the court did not err in excluding the contract of lease, and that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted May 15, 1888.

Motion for rehearing overruled.

*Hare, Edmondson & Hare,* for motion.

*R. C. Foster* and *A. E. Wilkinson,* resisting.