### F. M. GILBOUGH v. STAHL BUILDING COMPANY ET AL.

#### No. 652.—Decided April 18, 1898.

**Judgment—Appeal Bond—Filing—Substitution.**

A judgment on appeal, reversing that of the trial court was rendered upon a record showing appeal bond filed in proper time, when it was in fact filed after time but the filing ante-dated by agreement,—a bond filed in due time having been lost. Upon motion at a subsequent term to vacate the judgment of reversal for want of jurisdiction,—Held:

(1)  The judgment of reversal was not void,—the case being within the general judicial power of the court, and the presumption of a valid bond conclusive on collateral attack.  (P. 624.)

(2)  The motion, though it was a direct attack, should be denied, since, upon a motion to dismiss, or even after dismissal, appellants would have been allowed to substitute and bring up by certiorari the lost bond.  (P. 624.)

QUESTIONS CERTIFIED from Court of Civil Appeals for the First District.

*R. S. Rowland* and *J. R. Burnett*, for appellees—That the court may vacate a void judgment rendered by it at a previous term is well settled.  Cruger v. McCracken, 87 Texas, 585; Milam County v. Robertson, 47 Texas, 232; Hart v. Mills, 31 Texas, 305; Brown v. Torrey, 22 Texas, 54; Dial v. Rector, 12 Texas, 99; Martel v. Hernsheim, 9 Texas, 294; Harris v. Hopson, 5 Texas, 529.

It is also well settled that jurisdiction of the appellate court can not be conferred by the filing of the appeal bond as of a date within the twenty days by an agreement of the parties, when it was actually filed after the expiration of that time, for jurisdiction can not be conferred by consent.  If the appeal bond or petition for writ of error is not filed in time there is no jurisdiction of the appellate court.  Schleicher v. Runge, 39 S. W. Rep., 279; Converse v. Trapp, 29 S. W. Rep., 415.

That an appeal bond was filed within the twenty days, but was lost and was not regularly substituted, and that the case was brought up on the bond subsequently filed, did not confer jurisdiction of the appeal.  The appeal bond on which the case was brought up was void.

If jurisdiction attached by the filing of the first or abandoned appeal bond, it would not be proper for the appellate court to vacate its judgment, and give appellants an opportunity to substitute the first bond, because the first bond was abandoned by appellants, whereby the sureties were discharged, and because the time in which a transcript could be filed has expired.

The agreement to refile the second bond within the twenty days can not be treated as a substitution of the first bond, because the agreement was unauthorized, and because the statute prescribing the mode of substituting lost papers (Rev. Stats., art. 1499) was not complied with.  There can be no substitution of a lost paper without affidavit and certificate as required by the statute.  "Any other rule," as said by this court in Newman v. Dodson, 61 Texas, 92, "would make the statute on the subject a nullity."  Besides, it is not shown that the second bond was executed by the same parties, or was otherwise the same as the first, so that it could be a substitute for the first.

[No brief for appellants.]

DENMAN, ASSOCIATE JUSTICE.—The Court of Civil Appeals have certified to this court explanatory statement and questions as follows:

"On February 23, 1898, Jos. Labadie, one of the appellees in the above numbered and entitled cause, No. 1349, F. M. Gilbough et al., appellants, v. Stahl Building Company et al., appellees, on the docket of this court on appeal from the District Court of Galveston County, filed a motion to vacate the judgment of this court rendered in said cause on the 10th day of June, 1897, reversing the judgment of the

court below and remanding the cause to said District Court for further proceedings, upon the ground that this court was without jurisdiction thereof because no appeal bond had been filed in the court below within the time required by law. On the face of the transcript of the record in said cause filed in this court the appeal appears to have been duly perfected by the filing of an appeal bond within twenty days as required by law, but it has been shown to this court by affidavits filed in support of the motion that the appeal bond appearing in the transcript was in fact filed more than twenty days after notice of appeal had been given. From the record and from affidavits filed in this court by the parties pro and contra, the following facts appear: Judgment was rendered in the court below December 13, 1895, and motion for new trial was overruled by the court and notice of appeal was given in open court on January 27, 1896. The term of the court at which the judgment was rendered was one that might have continued by law more than eight weeks. Appellants were residents of Galveston County. The appeal bond as copied in the transcript appears to have been filed in the court below on February 10, 1896; but in fact it was filed with the clerk and so endorsed by him on February 19, 1896. The bond was re-filed with the date changed to Feby. 10, 1896, as it appears in the transcript, on March 23, 1896, in accordance with an agreement of counsel made in writing on that date to the following effect: "It is agreed that in the above entitled and numbered cause theplaintiff's appeal bond, filed Feb. 19, 1896, may be refiled and filed as of date Feb. 10, 1896." On the trial below Labadie was represented by Fred W. Fickett and R. S. Rowland. Fickett alone signed the agreement. Rowland appears for the motion; but Labadie and Rowland both state, and we find, that they had no knowledge that the filing of the bond was antedated until February 21, 1898, when they discovered the agreement. Rowland was leading counsel for Labadie and Fickett did not represent him in this court. It appears from the affidavit of F. M. Gilbough, one of the appellants, his wife being the only other appellant, and we find, that on or about the 7th day of February, 1896, his attorney gave him for signature an appeal bond drawn up in due and regular form, to be filed in the cause; that about February 8, and prior to February 10, 1896, he procured good and sufficient securities, who with his wife and himself signed the bond, and that on the same day it was in his presence approved by the clerk and filed among the papers of the cause; that about a week or ten days afterwards his attorney advised him that there was no bond on file in said cause, and the one now in question was executed in lieu thereof; and because the first bond could not be found the agreement to antedate the second was procured and filed among the papers in the cause. The facts we find to be as above stated.

"It is believed to be well settled that jurisdiction cannot be conferred on this court by the filing of the appeal bond as of a date within twenty days by an agreement of the parties, when it was actually filed after the

expiration of that time. It is also believed to be well settled that this cou.t may vacate at a subsequent term a void judgment rendered by it at a pi vious term.

''Upon the foregoing facts the following questions are certified for the decision of the Supreme Court:

"1. Is this court correct in the opinion above expressed?

"2. Did the fact that an appeal bond was filed within the twenty days, but was lost and was not regularly substituted, and the case was brought up on the bond subsequently filed, confer jurisdiction of the appeal on this court?

"3. If the jurisdiction of court attached by the filing of the first or abandoned appeal bond, would it be proper for this court to vacate its previous judgment and give an opportunity to the appellants to substitute the first bond?

"4. Can the agreement to file the bond that appears in the transcript as of date within time, be treated as a substitution of the bond filed on February 8?

"5. Should the motion to vacate be overruled? If not, what order should this court make?"

We are of opinion that the judgment of June 10, 1897, reversing and remanding the cause was not void. The Court of Civil Appeals had by law "general judicial power" over that class of cases, within the meaning of the words quoted from 89 Texas, infra; and since it did not affirmatively appear from the record before it that no valid appeal bond had been given the presumption of law would be conclusive in a collateral attack on the judgment that such a bond had been given. Crawford v. McDonald, 88 Texas, 626; Templeton v. Ferguson, 89 Texas, 47. Our views upon this question having been so fully stated in the cases cited, we deem it unnecessary to attempt to add anything to what was there said.

Though the judgment is not void, it may in a proper case be set aside in a proceeding directly attacking same. That the motion in this case is a direct attack upon the judgment cannot be denied. Crawford v. McDonald, supra. But do the facts found by the Court of Civil Appeals show any merit in the motion? If the second bond had not been filed it would have been the duty of the court, upon motion to dismiss the appeal, or even after dismissal upon their own motion, to have allowed appellants an opportunity of substituting the lost bond in the court below and bringing a copy by certiorari. Western Union Tel. Co. v. O'Keefe, 87 Texas, 423; Railway v. Peery, 87 Texas, 597. Certainly the filing of the second bond did not put them in a worse position. If they would have had the right to thus perfect the record to avoid a dismissal, certainly where a judgment has been rendered in their favor reversing the case such judgment should not be set aside for the purpose of entertaining a motion to dismiss, when it appears to the court that if the motion had been made before judgment it could have been thus defeated.

We answer that upon the facts stated the motion should be overruled and therefore do not deem it necessary to answer the other questions specifically.