TOMLINSON et al. v. HUNNICUTT, County Judge, et al.†

(Court of Civil Appeals of Texas. Austin. April 10, 1912. On Rehearing, May 8, 1912.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 22*)— CREATION OF DISTRICTS — STATUTES — REPEAL.

Rev. St. 1895, art. 3938, as amended by Acts 29th Leg. c. 88, requiring the commissioners' court to divide their respective counties into school districts, provided that when districts are once established they shall not be changed without the consent of a majority of all the legal voters in the districts affected, is repealed by Acts 29th Leg. c. 124, providing for a complete system of public free schools and for the formation and re-formation of school districts, and expressly repealing chapter 10 of title 86, which includes article 3938; and the commissioners' court may change a district without the consent of the legal voters in the districts affected.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 4; Dec. Dig. § 22.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 39*)— CHANGES IN DISTRICTS—ORDERS OF COMMISSIONERS' COURT—VALIDITY.

An order of the commissioners' court, consolidating a part of a school district with another district, if legal, will not be disturbed, merely because the commissioners gave wrong reasons for their action.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 68, 69; Dec. Dig. § 39.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 33*) —MODIFICATION OF DISTRICTS—STATUTES— VALIDITY.

Acts 29th Leg. c. 124, providing for a system of public free schools and for the formation and re-formation of school districts, authorizes the commissioners' court to change the boundaries of a school district including territory in two counties, and consolidate the part of the territory in one county with another district in such county, prior to the amendment to the Constitution, adopted in 1909 (Acts 31st Leg. p. 253), declaring that every school district shall be valid, though it is conceded that the former school district was, at the time of the change, a lawful district, and had been such from its formation.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 55; Dec. Dig. § 33.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 24*)— ORGANIZATION—RECOGNITION OF EXISTENCE BY COMMISSIONERS' COURT.

A school district, having no legal existence, cannot be created by a simple recognition of its existence by the commissioners' court; and the court giving such recognition is not thereby estopped from subsequently asserting the nonexistence of such district.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 42, 45, 47–49; Dec. Dig. § 24.*]

On Rehearing.

5. SCHOOLS AND SCHOOL DISTRICTS (§ 33*)— ORGANIZATION—VALIDITY.

Where a school district including territory in two counties had no legal existence prior to the adoption of the constitutional amendment in 1909 (Acts 31st Leg. p. 253), declaring that every school district heretofore formed and embracing territory within two or more counties shall be valid, the action of the commissioners' court, prior to the adoption of the amendment, in consolidating the territory of the district in one county with a school district in the county was not invalid, merely because the territory remaining in the former district was less than 16 square miles.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 55; Dec. Dig. § 33.*]

Appeal from District Court, Falls County; Richard I. Munroe, Judge.

Action by L. R. Tomlinson and others against W. E. Hunnicutt, County Judge, and others. From a judgment denying the injunction prayed for, plaintiffs appeal. Affirmed.

Snodgrass & Dale, of Temple, and Tom Connally, of Marlin, for appellants. Spivey, Bartlett & Carter, of Marlin, for appellees.

Findings of Fact.

JENKINS, J. Appellants herein, claiming to be the trustees of Friendship school district No. 71, Falls county, Tex., brought this suit against the commissioners' court to enjoin them from cutting off a portion of the territory alleged to belong to said district, and thereby reducing the area of said district to less than nine square miles. Appellees deny the legal existence of said district No. 71, and the consequent capacity of appellants to maintain this suit.

The facts in reference to this matter are as follows: On August 30, 1893, the commissioners' court of Falls county created common school district No. 12, known as Jena district, bounded upon the west by the county line between Falls and Bell counties. On February 13, 1896, the commissioners' court extended said district across the county line, embracing territory in Bell county, describing said district as Friendship Jena district No. 64, afterwards changing the number to 71. On August 8, 1898, said district was divided by running a line north and south a short distance east of the county line; and that portion of the district embracing territory partly in Falls and partly in Bell county was designated as Friendship district No. 71. On July 11, 1904, additional territory from Jena district No. 12 was added to Friendship district No. 71. On February 8,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Application for writ of error dismissed by Supreme Court June 26, 1912.

1909, the commissioners' court of Falls county entered an order, declaring that all of that portion of Friendship district No. 71 lying in Falls county should revert back to and become a part of Jena district No. 12.

The trial court denied the injunction prayed for.

## Opinion.

[1] 1. The controlling issue in this case is as to the validity of the act of the commissioners' court in changing the boundaries of Jena district No. 12 on February 8, 1909, so as to include that portion of Friendship district No. 71 lying in Falls county. The Twenty-Ninth Legislature passed an act entitled "An act to amend an act to amend an act to amend article 3938, chapter 10, title 76 of the Revised Civil Statutes of the State of Texas of 1895, relating to school districts, approved June 6th, 1899." Chapter 88, p. 126. Article 3938 of the Revised Statutes by said act was so amended as to make it the duty of commissioners' courts to divide their respective counties into convenient school districts. This had been the law theretofore; but said act added the proviso "that when districts are once established, they shall not be changed without the consent of a majority of the legal voters in all districts affected by such change." This act was presented to the Governor for his approval April 13, 1905, and was not signed nor returned with his objections, and, unless repealed by the subsequent act hereinafter referred to, became a law without his signature, taking effect 90 days after adjournment. The commissioners' court of Falls county did not obtain the consent of the legal voters of Friendship district No. 71, nor of Jena district No. 12, to the change in said district.

The same Legislature, on the 15th of April, 1905, passed an act to provide for a complete system of public free schools in Texas (chapter 124, p. 263), which act became a law, without the signature of the Governor, 90 days after adjournment. This act, with reference to the formation and change of common school districts, uses the same language as that found in the former act, down to the proviso above referred to, that when districts are once established they shall not be changed without the consent of a majority of the legal voters in all districts affected by such change. Section 50, p. 276. Section 51 of the latter act is as follows: "It shall be the duty of the commissioners' court at any time they deem necessary, to redistrict a part or all of said county, and they may at any time consolidate two or more adjacent school districts, or may subdivide any school district or districts, provided that no district shall be created which shall contain less than 16 square miles." This latter act expressly provides that "all provisions of chapters 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, of title 86 of the Revised Statutes of the state of Texas, and all amendments thereto not herein specifically re-enacted, are hereby repealed; and all laws and parts of laws in conflict herewith are repealed." Section 179. The latter act, above referred to, purporting to provide for a complete system of public free schools in Texas, and specially undertaking in sections 50 and 51 to provide how common school districts shall be formed and reformed, we think takes the place of and repeals all previous laws upon that subject; and, as these sections do not require the consent of the voters of the district affected to the change in such districts, we do not think that such consent was necessary to the validity of the act of the commissioners' court of Falls county on February 8, 1909, above referred to, by which act all of Friendship district No. 71 was consolidated with and became a part of Jena district No. 12; and, such being the case, that portion of Friendship district No. 71 lying in Falls county ceased to have any legal existence. This construction of these two statutes is strengthened by the fact that the former statute is declared in its caption, to be an amendment to chapter 10, tit. 66, and the latter statute expressly repeals all provisions of said chapter, and all amendments thereto, not specially re-enacted.

[2] 2. It is urged by appellants that the order of the commissioners' court, consolidating that portion of Friendship district No. 71 with Jena district No. 12, as above stated, was passed by reason of the decision in the case of Parks v. West, 102 Tex. 11, 111 S. W. 726, which decision declared all districts composed of parts of two or more counties to be illegal. The order of the commissioners' court, above referred to, states that the change is made on account of said decision; but we do not think that the reasons for the act of the court in this regard are matters of any concern to us or to appellants. The only proper inquiry is, Was the act of the court legal? For the reasons above stated, we think that it was.

[3] 3. Appellants contend that said county line district No. 71, though it may have been illegal in its formation, was legalized by the constitutional amendment with reference to such districts, adopted on the first Tuesday in August, 1909, which amendment, among other things, declares that "every school district heretofore formed, whether formed under the general law or by special act, and whether the territory embraced within its boundaries lies wholly within a single county, or partly within two or more counties, is hereby declared to be, and from its formation to have been, a valid and lawful district." Acts 31 St. Leg. p. 253. Conceding that Friendship district No. 71 was on February 8, 1909, a lawful district, and had been such lawful district from its formation,

still, the act of 1905, above referred to, authorized the commissioners' court to change the boundaries of such district and consolidate it with Jena district No. 12; and, this having been done before the adoption of the constitutional amendment, such amendment was not retroactive, in so far as the act of the commissioners' court was concerned. Appellants cite the case of Gillespie v. Lightfoot, 103 Tex. 359, 127 S. W. 799, in which it was held that an independent county line district was legalized by the constitutional amendment, and that the commissioners' court had no authority, prior to said amendment, to dismember such district in the manner in which the same was attempted to be done. The act of April 15, 1905, above referred to, did not give the commissioners' court any such authority over independent districts, except as provided in section 52 of said act. In that case, the court said: "It does not follow that a change made as authorized by law in the case of valid districts would conflict with the amendment. No question of the kind is before us." But that is the question before this court in the instant case. The change made was authorized by law, though the district be considered, by virtue of the constitutional amendment, as having been valid from its formation.

[4] 4. It is contended by appellants that Friendship district No. 71 must be regarded as a legally existing district, for the reason that, subsequent to the order of the court consolidating that portion of the same in Falls county with Jena district No. 12, said district No. 71 was recognized by the commissioners' court. This appears to be true to some extent, as shown by the findings of fact by the trial court, which findings are sustained by the evidence, and are as follows: In 1909 election officers were appointed by the commissioners' court for Jena district No. 12; none were appointed for Friendship district No. 71. In 1910 the same action was taken by the commissioners' court of Falls county. In 1911 the commissioners' court of Falls county appointed election officers for both No. 71 and No. 12, and the appellants herein were elected trustees of said District No. 71 at said election. For 1910 the county school superintendent of Falls county appointed trustees for said district No. 71. By the act of the commissioners' court of February 8, 1909, Friendship district No. 71, in so far as its territory lay within Falls county, ceased to exist. The commissioners' court may have re-created said district; but, in order to do so, such action must have been taken by said court sitting as such. A district having no existence could not be created by the simple recognition of its existence by the commissioners' court. The court could not be estopped by any such action.

Concluding, as we do, for the reasons above stated, that Friendship district No. 71,

in Falls county, has no legal existence, we hold that the appellants in this case were not legal trustees, and were incapable of maintaining this action; and that the commissioners' court has the right to do as it is alleged it is threatening to do—that is, to take a portion of the territory of Jena district No. 12, which is not complaining, and which territory would have been a part of Friendship district No. 71, had it not been abolished as herein stated, and to use such territory in forming a new district.

The judgment of the trial court is affirmed.

### Opinion on Rehearing.

[5] Appellants, in their motion for a rehearing, insist that, though it be conceded that chapter 88 of the Acts of the Twenty-Ninth Legislature was repealed by chapter 124, acts of the same Legislature, still the order of the commissioners' court of Falls county, on February 8, 1909, consolidating all of that portion of Friendship district lying in Falls county with Jena district in said county, was unlawful, for the reason that chapter 124 provides that no district shall be created having less than 16 square miles; and that when that portion of Friendship district lying in Falls county was consolidated with Jena district it left Friendship district, situated in Bell county, less than 16 square miles, and consequently the effect of said order of the commissioners' court of Falls county was to "create" in Bell county a district of less than 16 square miles. The answer to this contention is that, as decided by our Supreme Court in Parks v. West, 102 Tex. 11, 111 S. W. 726, Friendship district, being a county line district, never had any existence prior to the adoption of the constitutional amendment in August, 1908. The attempted creation of such district was void ab initio, and the territory in said illegal district was unallotted. This was the condition in February, 1908, when the commissioners' court of Falls county allotted the territory of said illegal district to Jena district. This act of the commissioners' court of Falls county did not create a district in Bell county, over the territory of which it had no jurisdiction, but left said territory, as it in law had been ever since its attempted allotment to the illegal county line district, unallotted territory in Bell county.

Had no action been taken by the commissioners' court of either Falls or Bell county prior to the adoption of the constitutional amendment, said county line district would have been legalized; but the act of the commissioners' court of Falls county, on February 8, 1909, being a legal disposition of said territory, the constitutional amendment adopted in the following August did not have the effect to nullify such action. On the contrary, had there been any illegality in the creation of said Jena district as it exist-

ed at the time of the adoption of said constitutional amendment, it would have been validated by said amendment.

Motion overruled.