**DRAKE et al. v. YAWN et al.    (No. 921.)***

(Court of Civil Appeals of Texas. Beaumont. Jan. 19, 1923. Rehearing Denied Feb. 21, 1923.)

1. **Schools and school districts ⟐⟐33, 40—Attempted consolidation of county line school districts by local board without sanction of county court held invalid.**

Where local trustees of two school districts lying in different counties agreed to consolidate the two districts, and the agreement was reduced to writing and signed by such trustees and approved by the county superintendents of both counties, but no action was taken by the commissioners' court as required by Acts 1911, c. 100, § 1 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2815a), superseding Acts 1905, c. 124, § 55, then in force, the attempted consolidation was beyond the powers of such officials and was utterly invalid.

2. **Schools and school districts ⟐⟐40—Attempted ratification by school officials of void consolidation of county line school districts held of no effect.**

An attempted consolidation of two school districts lying in different counties, invalid because not created by commissioners' court as provided by Acts 1911, c. 100, § 1 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2815a), could not be ratified by the county superintendents and local school trustees and all the school officials of the two counties.

3. **Estoppel ⟐⟐62(4) — No estoppel against questioning void consolidation of school districts.**

Where attempt to consolidate two school districts was invalid and null, the fact that the school officials of both districts had for a number of years acquiesced in the consolidation, and one of the districts, having hired an additional teacher, built an addition to the school building and incurred other expenses on the faith of the consolidation, does not estop the

---

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 28, 1923.

officials of the other district from denying the validity of the consolidation; an estoppel cannot be based on the act to which the incapacity relates.

**4. Schools and school districts ⬭⟹22—Attempted consolidation of school districts held not within statute validating attempted consolidations.**

An attempted consolidation of two county line school districts, invalid because not created by a commissioners' court under Acts 1911, c. 100, § 1 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2815a), superseding Acts 1905, c. 124, § 55, was not validated by Vernon's Ann. Civ. St. Supp. 1918, art. 2749a, validating districts "attempted to be established by the proper officers of any county and heretofore recognized by such county authorities as such school district," there being no attempt to establish or recognize such districts by the commissioners' courts.

On Motion for Rehearing.

**5. Appeal and error ⬭⟹392—Objection to jurisdiction of Court of Civil Appeals for insufficiency of appeal bond held too late on motion for rehearing.**

An objection to the jurisdiction of the Court of Civil Appeals on the ground that the appeal bond was defective, no objection having been made until motion for rehearing, is too late, even though well taken, if made on motion to dismiss the appeal.

**6. Appeal and error ⬭⟹509—Jurisdiction of Court of Civil Appeals depends on notice of appeal being given, not on the record of such fact.**

Where all of the defendants gave notice of appeal but transcript did not name all of them, the judgment of the Court of Civil Appeals in reversing lower court applies to all the defendants, because the jurisdiction depends on the notice of appeal being actually given, and not on the record of such fact.

**7. Appeal and error ⬭⟹1180(3)—Judgment on appeal held to affect parties not appealing where single question involved.**

Where the question in litigation was the validity of a consolidated school line district, it being a single question, the judgment of the Court of Civil Appeals reversing the judgment of the lower court affected all defendants not appealing as well as defendants appealing; the interest of parties defendant not being severable.

**8. Statutes ⬭⟹211—Headline to a statute in the revision is no part thereof.**

A headline to a statute in the revision of statutes is no part of the statute.

**9. Schools and school districts ⬭⟹33—Statute held not to authorize consolidation of school districts by local boards of school trustees.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 2762, held to provide only for transfer of the school funds and school children from one district to another "upon such terms as may be agreed upon by the trustees of the districts interested," and not to authorize the consolidation of school districts by the agreement of local district trustees.

Appeal from District Court, Tyler County; D. F. Singleton, Judge.

Suit by John Yawn and others against Rod Drake and others. From a judgment and injunction in favor of plaintiffs, defendants appeal. Reversed, and injunction dissolved.

Coe & Combs, of Kountze, for appellants.
Coleman & Lowe, of Woodville, for appellees.

O'QUINN, J. This is an appeal from a judgment of the district court of Tyler county. Tex., adjudging that common school district No. 2 of Hardin county and common school district No. 40 of Tyler county be and compose consolidated common school county line district No. 40 of Tyler and Hardin counties, and that the management and control of the school in said district be vested in the board of county school trustees of said Tyler county, and said judgment permanently restrained the trustees of said common school district No. 2 of Hardin county and the board of county school trustees of said Hardin county, and the county superintendent of said Hardin county, from in any manner interfering with said consolidated common school county line district No. 40, and commanded the county depository of said Hardin county and its officials to transfer the funds coming into its possession belonging to the territory designated as common school district No. 2 of Hardin county to the proper depository and officials of said Tyler county for the benefit of said consolidated common school county line district No. 40, and that no school be maintained in any part of said district and no funds expended except on order of said county school trustees of said Tyler county.

The record discloses that in the year 1915, the local trustees of common school district No. 2 of Hardin county and the local trustees of common school district No. 40 of Tyler county, the said districts adjoining, mutually agreed in writing that the two districts should be consolidated for school purposes, and that the school therein should be conducted in the Tyler county school building in district No. 40, and the management of the school to be in the hands of the authorities of Tyler county; that an additional room should be built to said schoolhouse, another teacher employed, and a transfer wagon bought and operated for the purpose of transferring the children in the territory of district No. 2 of Hardin county to and from school. The room was built to the schoolhouse, an additional teacher was employed, and a transfer wagon

bought and used in the transportation of children to and from school. The school money belonging to district No. 2 of Hardin county was transferred to Tyler county and the school operated under this agreement for five years. The agreement of the local trustees of said two districts to consolidate was reduced to writing, approved by the county superintendents of both Hardin and Tyler counties, and filed with the superintendent of Tyler county, but was never placed of record at any place and could not be found at the trial. The written agreement did not contain any stipulation as to how long the agreement was to last. It was contended by appellants that it was only temporary, that the arrangement was brought about by the fact that the schoolhouse in district No. 2 of Hardin county had burned, and there being no place for them to have a school was the cause of the agreement, 'and that the arrangement was to continue only until they were so situated as to rebuild and have a school of their own; while the appellees contended that the consolidation was to be permanent. After five years the trustees of district No. 2 of Hardin county proceeded to make arrangements for a building and a resumption of their own district school, and gave notice of such fact to the Tyler county authorities; but the Tyler county authorities refused to recognize their right to do so, and brought this suit to restrain them, resulting as above stated.

As we view the record and construe the law, the determining question is: Was there a valid and legal consolidation of the two common school districts into a consolidated common school county line district?

Common school county line districts were first authorized by Act of the Twenty-Ninth Legislature in 1905 (Acts 1905, § 55, p. 277). This act required that a petition setting forth the boundaries of the proposed district, signed by a majority of the qualified voters within said boundaries and approved by the county superintendent of public instruction of each county in which any part of the proposed district lay, should be presented to the commissioners' court of any one of said counties, and that said commissioners' court should have authority to establish such school district according to said petition. This remained the law as to the creation of common school county line districts until 1911, when same was amended, or rather superseded, by the Act of 1911 (Acts 1911, p. 200 [Vernon's Sayles' Ann. Civ. St. 1914, art. 2815a]). This act provided:

"Sec. 50a. The commissioners' courts of the several counties of the state of Texas shall have full power and authority to create common school districts, to contain territory within two or more counties of this state. In creating a common county line school district the commissioners' courts of each county having

territory in the school district sought to be created, before such district shall be created, shall each pass an order describing the territory [of the district] desired to be created into such school district by metes and bounds, giving the course and direction with the exact length of each line contained in such description and locating each corner called for upon the ground, and shall also give the acres of each survey and parts of surveys of lands contained in such district, together with a map showing the conditions upon the ground as described in the field notes, giving the number of acres of land contained in each survey and parts of survey contained in each county; also, showing the exact position and location of the county line in the territory created into a common county line school district. The said order of each commissioners' court shall also designate and name some one of the counties having territory included in the description of such common county line school district to manage and have control of the public school in such common county line school district. The said common county line school district shall have no authority or power until the said order of the commissioners' court has been passed by each commissioners' court of each county having territory included in such common county line school district; provided, that no common county line school district shall be created with a less area than 16 square miles, and shall be laid out in as near the shape of a square as is possible, and in no event shall the length of such district be greater than the width plus one-third of the width of such districts."

Thus the law remained until the Act of 1917, chapter 196, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 2815a), which reads:

"Section 1. That section 50a, chapter 100, Acts of the Thirty-Second Legislature, be amended so as to hereafter read as follows:

"Sec. 50a. The boards of county school trustees of the several counties of the state of Texas shall have full power and authority to create common school districts, to contain territory within two or more counties of this state. In creating a common county line school district the boards of county school trustees of each county having territory in the school [district] created, shall each pass an order describing the territory desired to be created into such school district by metes and bounds, giving the course and direction with the exact length of each line contained in such description and locating each corner called for upon the ground, and shall also give the acres of each survey and parts of survey of lands contained in such district, together with a map showing the conditions upon the ground as described in the field notes, giving the number of acres of land contained in each survey and parts of survey contained in each county; also showing the exact position and location of the county line in the territory created into a common county line school district. The said order of each board of county school trustees shall also designate and name some one of the counties having territory included in the description of such common county line school district to manage and have control of the public school in such common county line school district.

"The said common county line school district

shall have no authority or power until the said order of the board of county school trustees has been passed by the board of county school trustees of each county having territory included in such county common line school district; provided, that no common county line school district shall be created with a less area than nine square miles, and shall be laid out in as near the shape of a square as possible, and in no event shall the length of such district be greater than the width plus one-half of the width of such district."

[1] "Board of county trustees" was created by Act of 1911, p. 34, § 4, and made a body corporate. This act was amended in 1915 (Acts 1915, c. 36, p. 68, § 2, now article 2749a, Vernon's Ann. Civ. St. Supp. 1918) by completely re-enacting and amending the whole subject covered by the original act. It vested the management and control of the public free schools in each county of the state in five county trustees. It also gave them the powers theretofore vested in the commissioners' courts to subdivide the county into school districts, make changes in district lines, and to consolidate two or more districts for the establishment of rural high schools. It required the county superintendent, who was made ex officio secretary of the board of county school trustees, to keep an accurate and complete record of all changes made in school district lines, and in the consolidation of school districts, a certified copy of which should be transmitted to the county clerk, who was required to record same in a book kept for that purpose, designated the "Record of School Districts," and gave the district court supervisory power and control of the board of county school trustees in creating, changing, and modifying school districts. It thus appears that the board of county school trustees did not have the power to create county line school districts until the act of 1917 above quoted.

Appellants' first proposition is:

"The trial court erred in adjudging school district No. 2 of Hardin county, Tex., and school district No. 40 of Tyler county, Tex., to be consolidated, because the evidence showed, and the court so found, that the judgment of the court is based upon the action of the school trustees of said districts, who were without authority to consolidate said districts."

This contention must be sustained. The law has never given the local trustees of school districts the power to alter or change their districts or to consolidate them as was here attempted. The power to create common county line school districts by consolidation or otherwise was at first lodged in the commissioners' courts of the various counties, and remained there until the act of 1917, supra. It is admitted that the district here in question, consolidated county line district No. 40, Tyler county, was attempted to be created in 1915 by the lo-

cal trustees of common school district No. 2 of Hardin county and common school district N. 40 of Tyler county simply agreeing to consolidate the two districts, and that the school in the consolidated district thus formed should be maintained in that portion of said district known as district No. 40 of Tyler county, and managed by the officials of said district in Tyler county, which agreement was reduced to writing and signed by the local trustees of said two districts and approved by the county superintendents of said two counties. No action was asked of, nor was any taken by, the commissioners' courts of either Hardin or Tyler counties, as was then (1915) required by law. The attempted consolidation, in the manner and by the parties aforesaid, being wholly unauthorized, was unlawful, being contrary to the express provision and policy of the law—a mere nullity. Article 2815a, Vernon's Sayles' Ann. Civ. St. 1914; Davis v. Parks (Tex. Civ. App.) 157 S. W. 449. This was not an imperfect exercise on the part of said local school officials of a power they lawfully possessed, but was an attempt to act without power. Hence the act done was a nullity and is to be considered as if nothing had been done. Sydnor v. Roberts, 13 Tex. 616, 65 Am. Dec. 84.

[2] Appellees contend that though the districts were consolidated by the agreement of the local trustees of said districts, the local officers of both districts and "all the school officials of both Tyler and Hardin counties recognized such consolidated district as a valid district from the time of its attempted creation in 1915 until a short time before the institution of this suit," and thereby "ratified and confirmed the consolidation of said district."

The local trustees of the two districts and the county superintendents of the two counties being without power to create the consolidated county line school district in the manner attempted, their effort could not be given validity by the recognition of any officials. Fayette County v. Krause, 31 Tex. Civ. App. 569, 73 S. W. 51; Davis v. Parks (Tex. Civ. App.) 157 S. W. 449; Tomlinson v. Hunnicutt (Tex. Civ. App.) 147 S. W. 612.

[3] Appellees further insist that appellants having made the agreement with appellees to consolidate the two districts, and having for a number of years acquiesced in same, and said district No. 40, Tyler county, having gone to the expense of employing another teacher to accommodate the patronage from district No. 2, Hardin county, and having built an additional room to the school building for that purpose, and having bought and operated a transfer wagon to transfer the children of district No. 2, Hardin county, to and from said school, and that said parties having accepted said privileges of said con-

solidation are estopped from denying the validity of said district.

We do not think the proposition sound. The agreement entered into by the local school officials of the two districts being unauthorized by law, was illegal because in, contravention of the policy of the express law (article 2815a), and therefore impossible of performance. Not having the power under the law to consolidate the districts in the manner attempted, it was legally impossible of consummation, and hence void. 29 A. & E. Enc. of Law (2d Ed.) 1071; Elliott on Contracts, § 1060. Nor can estoppel supply the want of power. Whitlock v. Gosson, 35 Neb. 829, 53 N. W. 981. Moreover, as a general rule, estoppel by simple contract cannot be predicated on an invalid contract. 16 Cyc. 720; Association v. Monroe (Tex. Civ. App.) 53 S. W. 1029. A contract that is void cannot become effective merely by ratification. Elliott on Contracts, § 1089; Rue v. Railway Co., 74 Tex. 475–480, 8 S. W. 533, 15 Am. St. Rep. 852; Murchison v. White, 54 Tex. 81; Mitchell v. Porter (Tex. Civ. App.) 194 S. W. 986. Furthermore, the act of the local trustees of the two districts, although approved by the county superintendents of the two counties, being wholly unauthorized by law, was without force or effect—void—and cannot be waived or ratified. Murchison v. White, 54 Tex. 81; Elliott on Contracts, § 1068; Tomlinson v. Hunnicutt (Tex. Civ. App.) 147 S. W. 612. Legal incapacity cannot be removed by fraudulent representations, nor can there be an estoppel involved in the act to which the incapacity relates that can take away that incapacity. Keen v. Coleman, 39 Pa. 299, 80 Am. Dec. 524.

[4] But appellees insist that if the consolidated district was not formed in the manner required by law, nevertheless it was validated by the provisions of article 2749a of Vernon's Ann. Civ. St. Supp. 1918.

A sufficient answer to this contention is that said act only purports to validate districts "attempted to be established by the proper officers of any county and heretofore recognized by such county authorities as such school district." It is manifest that in the instant case, as we have above held, the consolidated common school county line district was not attempted to be established by the proper officers of the counties interested. The proper officers were the commissioners' courts of Hardin and Tyler counties, and it is admitted that they never took any action whatever in the matter, nor did they ever recognize said district by any official act.

The judgment of the court below is reversed, and the injunction dissolved.

## On Motion for Rehearing.

At a former day, this cause was reversed and the injunction granted by the district court dissolved. Appellees have filed a motion for rehearing alleging error:

[5] First. That this court was without jurisdiction to hear and determine the appeal, for the reason that the appeal bond of appellants was defective in several particulars set out in the motion. They particularly objected to the sufficiency of the bond on the ground that Tyler county school district No. 40 was not named as one of the payees in the bond. Tyler county school district No. 40 was not a party to the suit. It is not named as plaintiff in the petition. The objection to the bond that same is not made payable to the county school board of Tyler county is without force. The record discloses that plaintiffs, without objection on the part of appellants, dismissed their suit as to said party. Furthermore, without discussing the other objections offered by appellees to said bond, we think appellees are not in position to insist upon any of their objections to said bond. The transcript herein was filed in this court November 10, 1922. By agreement of the parties, the cause was advanced, and on December 21, 1922, was submitted on briefs and oral arguments for both parties, and judgment rendered January 4, 1923. No motion was made to dismiss for want of proper bond, nor was the jurisdiction of this court in any way questioned until this motion for rehearing was filed herein by appellees. The objection to the bond, if at all well taken, comes too late. Court of Civil Appeals Rules 8 and 9 (142 S. W. xi); Gilbough v. Stahl Building Co., 91 Tex. 621, 45 S. W. 385; Hugo v. Seffel, 92 Tex. 414, 49 S. W. 369; Richer Lee & Co. v. Collins, 81 Tex. 662, 17 S. W. 378.

What we have said here disposes of appellees' third allegation of error.

[6] Second. Appellees insist that we erred in rendering judgment against them and generally for appellants dissolving the injunction, because school district No. 2 of Hardin county and Hardin County State Bank, defendants below, failed to give notice of appeal, and not having given notice of appeal, were not entitled to relief, and that as to them the judgment should be affirmed.

It is true that the transcript does not show that said defendants gave notice of appeal, but same was not called to our attention until in this motion for rehearing by appellees. As a matter of fact, they did give notice of appeal, as is shown by a certified copy of the entry on the judge's trial docket made by the trial judge at the time of the rendition of the judgment, and as is also shown by the affidavit of the attorney who tried the case for defendants, both of which are attached to appellants' answer to appellees' motion for rehearing, and asked to be considered in connection with and in supplement to the transcript here. The certificate of the clerk of the trial court to the entries on the judge's

trial docket is regular, and the entry made by the trial judge shows:

"All parties announced ready. Demurrers heard and taken with case, on full hearing defendants' exceptions overruled and judgment for plaintiff, to all of which defendants except and in open court give notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District, at Beaumont, Tex."

Counsel for appellants in their answer to the motion for rehearing, state that the judgment of the trial court was prepared by the attorneys for appellees on the eve of adjournment of the court for the term, and that the attorneys for appellants resided in another county, and not having been furnished with a copy of the judgment, were not aware that such omission appeared in the judgment until after the court adjourned for the term, but that it was understood and agreed that the judgment should show that all the defendants excepted thereto and gave notice of appeal, and that, in fact, such notice was given. The judgment as drawn and entered of record specified the names of the defendants that excepted to the judgment, and gave notice of appeal, but omitted to name Hardin county school district No. 2 and Hardin County State Bank. The entry on the trial docket, however, shows that all the defendants, in fact, excepted to the judgment and gave notice of appeal, and therefore were properly before this court and entitled to the relief granted. The jurisdiction of this court depends upon the fact that notice of appeal was actually given and not upon the record of such fact. Vernon's Sayles' Civil Statutes, art. 1593; Western Union Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945; Gilbough v. Building Co., 91 Tex. 621, 45 S. W. 385; Williams v. Knight Realty Co. (Tex. Civ. App.) 217 S. W. 755–757; Luse v. Parmer (Tex. Civ. App.) 221 S. W. 1031; Maury v. Turner (Tex. Com. App.) 244 S. W. 809.

[7] Moreover, whatever may be said as to the failure of the defendants, Hardin county school district No. 2 and Hardin County State Bank, to give notice of appeal (the perfected record shows such notice was, in fact, given), but if said defendants had not given such notice and had in no manner attempted to appeal from said judgment, still the judgment against them could not be affirmed, for there was but one question, one issue in litigation, and that was the validity of the so-called consolidated county line school district. It was the only question in which any of the parties litigant was interested, and its determination affected all of one side or the other alike. The interest of the parties defendant was not severable, and hence the judgment was an entire and inseparable judgment, and if any one of the parties defendant appealed and obtained judgment favorable to the one appealing, it operated as

a reversal as to all of the defendants. Vernon's Sayles' Civil Statutes, art. 1997; Burleson v. Henderson, 4 Tex. 49; Dickson v. Burke, 28 Tex. 117; Brown v. Robertson, 28 Tex. 555; Tynberg v. Cohen, 76 Tex. 409, 13 S. W. 315; Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548; Thompson v. Kelley, 100 Tex. 539, 101 S. W. 1074; Nasworthy v. Draper, 9 Tex. Civ. App. 650, 29 S. W. 557; Reed v. Cavitt, 10 Tex. Civ. App. 373, 30 S. W. 575; Ferguson v. Dickinson (Tex. Civ. App.) 138 S. W. 221; Telegraph Co. v. Long (Tex. Civ. App.) 183 S. W. 421.

[8] Fourth. Appellees vigorously insist that we erred in holding that the only way in which county line school districts could be consolidated was in the manner pointed out in our original opinion, and also erred in holding that "the law has never given the local trustees of school districts the power to alter or change their districts or to consolidate them," as was attempted in the instant case; appellees insisting that such consolidation could be had by the agreement of the trustees of the districts sought to be consolidated, asserting that "the second way of consolidating districts is set forth in section 54, bulletin 48, of the School Laws of Texas, being article 2762 of Vernon's Sayles' Civil Statutes," and quotes the same as follows:

"By agreement of trustees, except as herein provided, no part of the school fund apportioned to any district or county shall be transferred to any other district or county; provided, that districts lying in two or more counties and situated on the county line, may be consolidated for the support of one or more schools in such consolidated district; and, in such case, the school funds shall be transferred to the county in which the principal school building for such consolidated district is located; and provided, further, that all the children residing in a school district may be transferred to another district, or to an independent district, upon such terms as may be agreed upon by the trustees of said districts interested."

Appellees strongly contend that—

"The above article clearly confers upon the trustees of said districts, to, by agreement, consolidate such districts for the purpose of maintaining one or more schools, etc."

[9] We have not been favored with a copy of "Bulletin 48 of the School Laws of the State of Texas," section 54 of which purports to be article 2762 of the Revised Civil Statutes, nor do we know by whom or by what authority same was issued; but we will say that there is no such article in the Revised Statutes as is quoted by appellees and claimed to be article 2762, Vernon's Sayles' Civil Statutes. Article 2762 is section 92 of the Acts of 1905 (Gammel's Laws, vol. 12, p. 288), and does not contain the words "by agreement of trustees," beginning the article as quoted by appellees. It is true that in the Revised Statutes there is a headline to said article

reading that way, but same is no part of the article itself, never was, and the headline, we take it, was placed there by the publisher merely to call attention to the provision in said article permitting the transfer of funds and children from one district to another. Furthermore, the article, 2762, does not even attempt to provide for the consolidation of county line school districts, but merely deals with the transfer of school children and school funds from one district to another "upon such terms as may be agreed upon by the trustees of said districts interested," and not in any way affecting or providing for the consolidation of districts.

No error having been shown, the motion is overruled.