(Court of Criminal Appeals of Texas. Jan. 29, 1913. On Motion for Rehearing, Feb. 26, 1913.)

1. CRIMINAL LAW (§ 1064\*)—OBJECTIONS—SUFFICIENCY.

Grounds, in a motion for new trial, that the court erred in a paragraph of the charge in defining theft, and erred in refusing to give a specified instruction, are too general to be considered on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2676–2684; Dec. Dig. § 1064.\*]

2. CRIMINAL LAW (§ 949\*)—NEW TRIAL—MOTION—VERIFICATION—NECESSITY.

An unverified motion for new trial on the ground of misconduct of the jury is insufficient.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2337–2344; Dec. Dig. § 949.\*]

3. CRIMINAL LAW (§ 1099\*)—STATEMENT OF FACTS—REQUISITES.

A motion for new trial on the ground of misconduct of the jury is not reviewable, where the statement of facts under it was not approved by the trial judge nor agreed to by the attorneys, and was not filed in term time.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2866–2880; Dec. Dig. § 1099.\*]

Appeal from District Court, Parmer County; D. B. Hill, Judge.

Jim Bryant was convicted of larceny, and he appeals. Affirmed.

Knight & Slaton, of Hereford, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted, charged with theft of an automobile, and his punishment assessed at two years' confinement in the state penitentiary.

[1] The first two grounds in the motion for new trial read as follows: "(1) The court erred in paragraph 1 of the charge in defining the offense of theft; (2) the court erred in refusing to give defendant's special requested charge No. 1." These grounds are too general to be considered on appeal. Sue v. State, 52 Tex. Cr. R. 122, 105 S. W. 804; Stewart v. State, 153 S. W. 1150, decided at this term of court, and authorities there cited. If called to our attention in a way we could consider them, however, the charge fully defines the offense, and the charge requested is sufficiently covered by the charge given by the court to the jury.

[2, 3] The only other grounds in the motion relate to the misconduct of the jury. The motion is not sworn to by appellant or any other person, and is deficient in this respect. It has always been held that when matters extrinsic the record, in matters of this character, are sought to be raised in the motion for new trial, such grounds should be verified by the affidavit of the appellant. In addition to this, the evidence heard on these grounds, on the motion for new trial, was not filed until the 12th day of June, 1912, is not approv-

ed by the judge trying the case, nor agreed to by the attorneys. Consequently such statement of facts cannot be considered. In such cases it has been held that where evidence is heard, on grounds in the motion for new trial, such statement in the motion must be verified by the appellant, and the statement of facts approved by the judge and filed in term time. Probest v. State, 60 Tex. Cr. R. 608, 133 S. W. 263. Court adjourned April 27th, and this paper which purports to be the evidence on the motion for new trial was not filed with the clerk until June 12, 1912.

These are all the grounds in the motion, and the judgment is affirmed.

### On Motion for Rehearing.

This case was affirmed at a former day of this term, and appellant has filed a motion for rehearing, in which he complains of that portion of the opinion in which it was said: "It has always been held that when matters extrinsic the record are sought to be raised in the motion for new trial, such grounds should be verified by the affidavit of the appellant." Appellant says he has failed to find any decision so holding. If he will read Barber v. State, 35 Tex. Cr. R. 70, 31 S. W. 649, he will find a case so holding, and this has always been the rule. It is only those paragraphs setting up this new matter that are required to be sworn to. But if we should waive this question, and the one that the evidence alleged to have been adduced on the motion for new trial, but which is not verified by the signature of the judge, and the further fact that this evidence was not filed in proper time, after careful reading of what purports to be the evidence adduced, we would not feel authorized to hold that the court erred in this matter.

The motion for rehearing is overruled.

---

## STATE ex rel. JOHNSON et al. v. DUDLEY et al.

(Court of Civil Appeals of Texas. Austin. June 5, 1912. Rehearing Denied Oct. 9, 1912.)

SCHOOLS AND SCHOOL DISTRICTS (§ 22\*)—CREATION OF DISTRICTS—CONSTITUTIONAL PROVISIONS.

Subsequent to the organization of a county line school district by three adjoining counties, the Supreme Court held that all such districts were invalid. M. county, one of such three, then formed a new district containing such of its territory as lay within the old county line district. Afterwards, in 1909, Const. art. 7, § 3a, as amended (see Laws 31st Leg. p. 253), was adopted, providing that every school district theretofore formed, whether the territory embraced lay wholly within a single county or partly within two or more counties, was declared to be, and from their formation to have been, valid and lawful districts. *Held,* that such section did not invalidate the new district created by M. county, since even if it validated the old county line district, and if such validation related back to the time of its organization, there was nothing to prevent

M. county from withdrawing its territory therefrom and forming a new district.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 41; Dec. Dig. § 22.*]

Appeal from District Court, Brown County; John W. Goodwin, Judge.

Quo warranto by the State, on relation of W. C. Johnson and others, against C. A. Dudley and others. From a judgment in favor of defendants, relators appeal. Reversed and rendered.

T. C. Wilkinson, of Brownwood, for appellants. Goodson & Goodson, of Comanche, for appellees.

RICE, J. This is a quo warranto proceeding, brought by the state upon the relation of W. C. Johnson, J. B. Scoggin, and Hugh Henry, trustees of common school district No. 42, commonly known as Prairie school district, in Mills county, to exclude and prevent respondents Dudley, Hudson, and Nelson, appellees herein, from exercising the office of school trustees over any part of the territory embraced within said district, they being alleged to be trustees of school district No. 40, commonly known as Brushy Gap school district, originally comprised partly of territory lying within the counties of Brown, Comanche, and Mills. It appears from the record that between the years 1884 and 1896, the counties of Comanche, Brown, and Mills organized a school district of territory lying partly within each of said counties, designated as school district No. 40, commonly known as Brushy Gap school district, which was thereafter controlled by the county authorities of Comanche county, which said district continued to exist, and a school was regularly conducted therein until a short while after the decision of the Supreme Court of this state in Parks v. West, 102 Tex. 11, 111 S. W. 726, decided June 17, 1908, after which time, by common consent, it appears that the respective counties, regarding said district as illegal, took charge of and exercised control over the territory lying in each for school purposes; but at the regular term of the Mills county commissioners' court in February, 1909, said court entered an order, creating common school district No. 42, known as Prairie school district, embracing within it all of the territory lying within said county which formerly belonged to the county line district known as Brushy Gap district No. 40. Whereupon trustees were duly elected, taking charge thereof, organizing a school therein, which continued to be recognized by the county authorities of Mills county until after the decision of the Supreme Court in the case of Gillespie v. Lightfoot, 103 Tex. 359, 127 S. W. 799, decided May 4, 1910, construing the constitutional amendment of August, 1909, declaring all county line districts

to have been valid from the beginning; at which time the trustees, who were acting as such at the time the county line district was abandoned, took charge of the original county line district, and excluded relators from any control over that portion thereof lying in Mills county, formerly belonging to said county line district, which action on their part seems to have been recognized as legal by the school authorities of Mills county. There was a nonjury trial resulting in a judgment in favor of appellees, from which this appeal is prosecuted.

The court filed conclusions of law and fact, from which the above statement is taken, holding that, county line district No. 40 having been by said amendment validated, the new district created by Mills county out of her portion of said county line district was invalid, rendering judgment against relators and in behalf of respondents, which finding and judgment of the court thereon is assigned as error. The question involved for our determination therefore is whether or not the said constitutional amendment relating to county line school districts could have a retroactive effect, and thereby invalidate the order of the commissioners' court of Mills county passed at its February term, 1909, creating Prairie school district No. 42. If it can be held to have such effect, then, of course, appellees' contention is correct, and the judgment should be sustained, otherwise it must be set aside. The question here presented is no longer an open one, since in the case of Tomlinson v. Hunnicutt, 147 S. W. 612, in an opinion by this court rendered April 12th (not yet officially reported), Mr. Justice Jenkins, speaking for this court, held on a similar state of facts that such amendment did not have the effect to invalidate a new district organized subsequent to the decision in Parks v. West, supra, but prior to the adoption of said amendment. In Parks v. West, supra, our Supreme Court in June, 1908, held all county line school districts organized by virtue of existing laws invalid. Subsequent to such holding, however, the amendment to the Constitution referred to was adopted, validating county line school districts, section 3a of which reads: "Every school district heretofore formed, whether formed under the general law or by special act, and whether the territory embraced within its boundaries lies wholly within a single county, or partly within two or more counties, is hereby declared to be, and from its formation to have been, a valid and lawful district." Laws 31 St. Leg. p. 253. Notwithstanding such amendment, it seems to us that the same cannot be held to have rehabilitated the old county line district as it originally existed, because of the fact that the same was declared an illegal district in 1908, and so remained at the time the commissioners' court of Mills county undertook to re-

sume control of that portion of said district lying wholly within her own county by forming the same into a new district, because if said county line district has been abrogated and abolished, there was then no reason in February, 1909, why Mills county should not take charge of and resume control over said territory as it did; and, having done so by the creation of a new district, the same, in our judgment, was not in any way affected by the subsequent adoption of said amendment.

If it were conceded, for argument's sake, that the amendment did validate the old district, as contended by relators, and that such *validation related back to the time of the* organization thereof, yet there was nothing in said amendment that could prevent, or was intended to prevent, the counties from thereafter changing their districts in accordance with law. This being true, even if the old district existed at the time that Mills county undertook to create the new district, still, it had the right, notwithstanding this, to withdraw said territory from the old district and form a new one out of such territory belonging to the old as was situated wholly within its own county. This view does not conflict with the holding in Gillespie v. Lightfoot, because in that case the court was dealing with an independent school district, which it held could not be dismembered by the respective counties to which such territory belonged erecting the same into new districts, for the reason that the law was not complied with in the attempted formation of such new districts; the court specially saying on this subject: "It does not follow that a change made as authorized by law in the case of valid districts would conflict with the amendment. No question of the kind is before us."

We therefore hold that the constitutional amendment cannot be said to have a retroactive effect and invalidate a district legally constituted before its adoption,. and that the action of the county commissioners' court of Mills county creating new district No. 42 was in all things legal, for which reason the judgment of the court below must be reversed and rendered in behalf of relators, and it is accordingly so ordered.

Reversed and rendered.